**IT IS ORDERED**

**Date Entered on Docket: October 30, 2017**

_Robert H. Jacobvitz_ (signature)

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

JAMES DARYL MCKINNON
SUZETTE ELLEN MCKINNON

           Debtors.                                  Case No. 13-15-13248-JF

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Bank of America, N.A., filed on July 17, 2017, (DOC 45) (the "Motion") by Bank of America, N.A. ("Bank of America"), and the Debtors' Response to Motion for Relief (the "Objection")  filed on August 1, 2017 (DOC 47). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a.    On July 17, 2017, Bank of America served the Motion and a notice of the Motion (the "Notice") on Gerald Velarde, Attorney for Debtors and Kelley L. Skehen, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors James Daryl McKinnon and Suzette Ellen McKinnon, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b.    The Motion relates to the property located at 3209 N Dustin Ave Farmington, New Mexico 87401, more fully described as:

> LOT 10, IN BLOCK 1, OF THE CASA VIEW HILLS, AN ADDITION, IN THE CITY OF FARMINGTON, SAN JUAN COUNTY, NEW MEXICO, AS SHOWN ON THE PLAT OF SAID ADDITION FILED FOR RECORD NOVEMBER 26, 1957.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c.    The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d.    The Notice was sufficient in form and content;

e.    The objection deadline expired on August 10, 2017;

f.    On August 1, 2017 the Debtors filed an Objection to the Motion;

g.    As of August 11, 2017, the Trustee nor any other party in interest, filed an objection to the Motion;

h.    The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having

considered CitiFinancial's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1.      The Debtor will cure the post-petition payment amounts due on Bank of America's Note (the "Note") and Mortgage for May 1, 2017 through October 1, 2017, being six (6) payments of $1,208.16 each, minus a suspense credit of $52.06 **for a total post-petition payment arrearage amount through October 1, 2017 of $7,196.90**.

2.      The first payment of $799.66 is due by November 15, 2017, the second payment of $799.66 is due by December 15, 2017, the third payment of $799.66 is due by January 15, 2018, the fourth payment of $799.66 is due by February 15, 2018, the fifth payment of $799.66 is due by March 15, 2018, the sixth payment of $799.65 is due by April 15, 2018, the seventh payment of $799.65 is due by May 15, 2018, the eighth payment of $799.65 is due by June 15, 2018, the ninth payment of $799.65 is due by July 15, 2018.  **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $7,196.90 by July 15, 2018**.  These payments shall include the loan number and will be made in certified funds and will be delivered to:

> Bank of America, N.A.
> P.O. Box 31785
> Tampa, FL 33631-3785

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $1,227.84 as they come due (unless otherwise notified by Bank of America), commencing with the November 1, 2017 payment and continuing thereafter.

3.      In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the

Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Bank of America may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Bank of America may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Bank of America pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Bank of America for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby

lifted as to the real property identified in Bank of America's Note and Mortgage. Said property is located at 3209 N Dustin Ave, Farmington, New Mexico 87401 (the "Property"), more fully and completely described as:

> LOT 10, IN BLOCK 1, OF THE CASA VIEW HILLS, AN ADDITION, IN THE CITY OF FARMINGTON, SAN JUAN COUNTY, NEW MEXICO, AS SHOWN ON THE PLAT OF SAID ADDITION FILED FOR RECORD NOVEMBER 26, 1957.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Bank of America may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Bank of America pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to Bank of America after sale of the Property shall be set forth in an Amended Proof of Claim filed by Bank of America and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Bank of America may

immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
    Andrew Yarrington
    Attorneys for Bank of America
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Andrew.Yarrington@roselbrand.com

APPROVED BY:

LAW OFFICE OF GERALD R. VELARDE, P.C.

By *Approved via email 10/23/2017*
    Gerald Velarde
    Attorney for Debtors
    2531 Wyoming NE
    Albuquerque, NM 87112
    Telephone: (505) 248-1828
    velardepc@hotmail.com


By *Approval received via telephone 10/26/2017*
    Kelley L. Skehen, Trustee
    Chapter 13 Trustee
    625 Silver Avenue SW, Suite 350
    Albuquerque, NM  87102-3111
    Telephone: (505) 243-1335
    orders@ch13nm.com

COPY TO:

    James Daryl McKinnon
    Suzette Ellen McKinnon
    Debtors
    3209 N. Dustin
    Farmington, NM 87401